UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA L. HALL,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>  Defendant. | No. EDCV 14-420 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Teresa L. Hall filed this action on March 14, 2014. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On October 23, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## **PROCEDURAL BACKGROUND**

On October 4, 2010, Hall filed an application for supplemental security income and alleged an onset date of November 7, 2005. Administrative Record ("AR") 20, 157. The application was denied initially and on reconsideration. AR 20, 72-73. Hall requested a hearing before an Administrative Law Judge ("ALJ"). AR 89. On October 15, 2012, the ALJ conducted a hearing at which Hall and a vocational expert ("VE") testified. AR 34-71. The ALJ left the record open to give Hall the opportunity to submit additional medical evidence. AR 40, 69. No additional evidence was submitted. AR 20. On December 13, 2012, the ALJ issued a decision denying benefits. AR 17-30. On January 23, 2014, the Appeals Council denied the request for review. AR 1-3. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

### B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Hall had the severe impairments of osteoporosis of the left ankle, congenital anomaly of the distal tibia, mal-united fracture of the left leg, and carpal tunnel syndrome of the right wrist. AR 22. Her impairments did not meet or equal a listing. AR 25.

The ALJ found that Hall had the residual functional capacity ("RFC") to perform light work. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for two hours in an eight-hour workday, and do frequent gross and fine manipulations. A walker is necessary when walking long distances or over uneven ground. AR 25. Hall is capable of performing past relevant work as a telemarketer/ telephone solicitor. AR 29.

### C. Opinion of Examining Physician

Hall contends the ALJ erred in implicitly rejecting the opinion of Dr. To, an examining physician, regarding her need for a walker for all ambulation.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). An ALJ may reject an uncontradicted examining physician's medical opinion based on "clear and convincing reasons." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and quotation marks omitted). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* (citation omitted).

The record contains Dr. To's internal medicine evaluation report dated April 20, 2011. AR 251-56. Dr. To diagnosed hypertension, asthma diagnosed since childhood, bilateral hand numbness and tingling, left ankle fracture without any proper orthopedic treatment, and depression and anxiety. AR 255. Regarding the left ankle, Dr. To found that Hall had a deformity with fracture healing in non-alignment position. She was in a wheelchair. AR 253, 255. Dr. To opined that Hall could frequently push, pull, lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and walk less than two hours in an eight-hour workday; occasionally walk on uneven terrain, climb ladders or work with heights; and frequently bend, kneel, stoop, crawl and crouch. AR 255-56. She needed a walker for all ambulation, and was restricted from working with heavy and moving machinery. AR 256.

The ALJ gave significant but not full weight to Dr. To's opinion. AR 27-29. The ALJ also considered the opinions of Dr. Hoang (an orthopedist) and a State Agency medical consultant.[2] AR 29. Regarding the need for a walker, the ALJ adopted the opinion of Dr. Hoang, who conducted an orthopedic examination on September 9, 2011. AR 29, 274-78. Dr. Hoang found evidence that Hall used the left leg for ambulation based on the absence of disuse atrophy of the left leg three years after the accident. Dr. Hoang opined that a walker was medically necessary for long distance walking or on

---

[2] As the ALJ noted, all three physicians found that Hall could perform less than the full range of light work, with some differences in the degree of functional limitations. AR 29, 251-56, 269-73, 274-78.

4

uneven ground.[3]  AR 278.  The ALJ found the objective medical evidence supported Dr. Hoang's opinion regarding the use of a walker.  AR 26, 29.  Dr. To found lower extremity pulses including dorsalis, pedal and posterior tibialis as 2+.  AR 254.  The emergency department records from a visit in 2010 and a visit in 2012 do not mention left leg issues.  AR 27, 249-50, 300-01.  Hall was reported to have 5/5 motor strength in the upper and lower extremities in February 2012.  AR 301.

Moreover, any error was harmless.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  In a hypothetical to the VE, the ALJ included a need for a walker for all ambulation.  AR 66.  The VE testified that the hypothetical individual could do Hall's past work.  AR 66-67.

**D.    Residual Functional Capacity**

The RFC determination measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).  The RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a).  It is an administrative finding, not a medical opinion.  20 C.F.R. § 404.1527(e)(2).  The RFC takes into account both exertional limitations and non-exertional limitations.  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

Hall repeats her argument that the ALJ improperly omitted a requirement for use of a walker for all ambulation.  As discussed above, the ALJ properly rejected the portion of Dr. To's opinion requiring the use of a walker at all times, and any error was harmless to the determination of disability.

---

[3] The State Agency medical consultant did not require a walker for any purpose.  AR 28-29, 269-73.

### E. <u>Listing 1.02A</u>

The claimant bears the burden of demonstrating that her impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (quoting 20 C.F.R. § 416.925(a)) (emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (citation omitted) (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526) (emphasis in original). "'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (quoting 20 C.F.R. § 404.1526). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Listing 1.02 provides as follows:

Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e ., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

. . .

B2b. What we mean by inability to ambulate effectively. Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or

> uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, subpt. P., app. 1, § 1.02.

Hall argues she meets or equals the criteria of Listing 1.02A because Dr. To opined that she would require a walker for all ambulation, and an April 2011 x-ray of her left ankle revealed severe osteoporosis of the bony architecture and a congenital anomaly of the distal tibia.

As discussed above, the ALJ properly rejected the portion of Dr. To's opinion requiring the use of a walker at all times. Hall's x-ray of the left ankle showed "no indication of gross fracture" with "well preserved" ankle mortice and "no abnormalities" of the soft tissue. AR 257. Even assuming the x-ray showing severe osteoporosis of the bony architecture satisfied the "bony destruction" prong of Listing 1.02, Hall did not satisfy the requirements for "gross anatomical deformity."

The record shows that the ALJ considered equivalence. AR 25-29. Hall relies on *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990), to support her contention that the ALJ did not consider equivalence. Hall's reliance on *Marcia* is misplaced. Hall did not offer evidence that her impairments combined to equal a listed impairment. *See Lewis*, 236 F.3d at 514 (claimant did not satisfy burden to prove that his combined impairments equaled a listed impairment when he "offered no theory, plausible or otherwise, as to how his [impairments] combined to equal a listed impairment [. . .] [n]or has he pointed to evidence that shows that his combined impairments equal a listed impairment"); *see also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing

in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence"). The ALJ did not err.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 29, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge